# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE,<br>840 First Street, NE<br>Suite 400<br>Washington, DC 20002,<br><br>         Plaintiff<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>and<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br>99 New York Avenue, NE<br>Washington, DC 20226,<br><br>         Defendants. | Case No.  18-cv-2637 |

## COMPLAINT
(Freedom of Information Act)

Plaintiff, The Brady Center to Prevent Gun Violence, brings this action against Defendants, the U.S. Department of Justice ("DOJ") and its component agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

As further alleged below, Plaintiff has sought certain information from the ATF that is directly relevant to Plaintiff's mission to reduce gun violence in America, and of public importance.  Defendants have not claimed that the requested information is subject to any FOIA exceptions or privilege and have not advanced any other reason why it should not be disclosed.

Instead, despite the clear statutory requirement that an agency respond to a FOIA request within 20 days, and despite Plaintiff's multiple inquiries about its request that it filed over four months ago, Defendants have failed to even acknowledge receipt of the Plaintiff's FOIA request or to produce any responsive documents.   Plaintiff seeks to compel Defendants to comply with their obligations under FOIA and promptly produce the requested records.

Plaintiff further alleges as follows:

## PARTIES

1. Plaintiff, The Brady Center to Prevent Gun Violence, is a 501(c)(3) non-profit corporation incorporated under the laws of the District of Columbia, and headquartered at 840 First Street NE, Suite 400, Washington, DC 20002.

2. Defendant, U.S. Department of Justice is an agency of the United States Government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  DOJ has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA requests.

3. Defendant, Bureau of Alcohol, Tobacco, Firearms and Explosives  is a component of the DOJ and is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). ATF is headquartered at 99 New York Avenue, NE, Washington, DC 20226. ATF has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA requests.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**STATEMENT OF FACTS**

6.      The Brady Center to Prevent Gun Violence is an independent, nonpartisan, non-profit organization with a mission to create a safer America by dramatically reducing gun-related injuries and deaths.  For more than 25 years, the Brady Center's legal team has taken on the corporate gun lobby and worked in and out of the courts to obtain justice for victims of gun violence, to reform dangerous industry practices, and to lead a new national conversation about gun violence prevention.

7.      The Brady Center also works with public officials to defend responsible gun laws that are under attack, and challenges laws, regulations, and practices that make American communities less safe.  In addition to its work in the courts, the Brady Center develops and implements extensive public health and safety programs designed to curb gun violence and change social norms surrounding guns, and publishes reports and disseminates information relevant to gun violence problems and solutions.  An important part of achieving the Brady Center's mission of reducing gun deaths and injuries is an ATF that effectively enforces firearms laws and cracks down on irresponsible gun dealers and dangerous gun industry practices that arm criminals.

8.      As part of its mission, the Brady Center seeks to hold accountable gun dealers and others in the industry whose reckless and irresponsible practices worsen the problem of gun violence in America, and to educate the public about the causes of gun violence, including how a small percentage of gun dealers supply virtually all of the criminal gun market.  Data shows that about 90% of crime guns come from about 5% of gun dealers.  The Brady Center strives to identify these "bad apple" gun dealers to help guide its advocacy, education, and industry reform efforts, which include informing the public about practices endangering their communities.  One

way to do that is to review information about which gun dealers, or federal firearms licensees, have been subject to warnings or license revocations by the ATF because of their violations of federal firearms laws, and how ATF does or does not fulfill its obligations by determining how gun dealers are penalized for violating federal firearms laws and regulations.

9. On February 8, 2013, the ATF issued ATF Order 5370.1B to "provide[] fair and consistent guidelines for administrative remedies for violations disclosed relative to inspections of Federal firearms licensees." The ATF previously disclosed this 2013 policy with limited redactions in response to a 2015 FOIA request from a separate party.

10. On June 28, 2018, the Brady Center submitted a FOIA request ("the Request") to ATF via electronic mail seeking information related to updates and revisions to ATF Order 5370.1B. The Request specifically sought two discrete categories of records:

> (1) Any and all updates, amendments, replacements, and/or other changes to ATF Order 5370.1B (February 8, 2013), Subject: "Federal Firearms Administrative Action Policy and Procedures." This request includes, but is not limited to, any subsequent version or replacement of the February 8, 2013 ATF Order 5370.1B that is currently in force; and

> (2) Any and all records explaining and/or implementing the updates, amendments, replacements, and/or other changes to ATF Order 5370.1B (February 8, 2013), Subject: "Federal Firearms Administrative Action Policy and Procedures." This request includes, but is not limited to, any training guides, memoranda, presentations, and/or other explanation of changes regarding such updates, amendments, replacements, and/or other changes to ATF Order 5370.1B.

11. The Request also requested a fee waiver.

12. A true and correct copy of the Request is attached as Exhibit A.

13. The documents requested are essential to the Brady Center's work to educate the public about government oversight of the gun industry and enforcement of federal firearms laws. The documents are also critical to interpreting the numerous ATF inspection reports of gun

dealers that the Brady Center currently possesses as a result of ongoing litigation with Defendants, and the many more reports that the Brady Center expects to obtain.

14. Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, no later than July 27, 2018 – ATF was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i). The Brady Center has received no such correspondence from the ATF.

15. On October 18, 2018, the Brady Center called the ATF FOIA Office to inquire about the status the Request.  When the ATF FOIA Office telephone line was not answered, the Brady Center left a voicemail message.

16. To date, the ATF has not responded to the Brady Center's voicemail message.

17. On November 6, 2018, the Brady Center sent a follow up letter, via electronic mail, to the ATF FOIA Office to inquire about the status of the Request, and other outstanding requests Brady has submitted to the ATF.

18. To date, the ATF has not responded to the Brady Center's letter.

19. To date, the Brady Center has received no response whatsoever from ATF related to the Request.

20. Thus, ATF has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**COUNT I - FAILURE TO COMPLY WITH FOIA**

21. The Brady Center incorporates each of the foregoing paragraphs of this Complaint.

22. Pursuant to FOIA, 5 U.S.C. § 552(a), the Brady Center has a statutory right to access requested agency records.

23. ATF has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i).

24. ATF has failed to conduct a reasonable search for records responsive to the Request.

25. ATF has failed to properly respond to the Brady Center's record request, as required by 5 U.S.C. §§ 552(a)(6)(A)(i).

## PRAYER FOR RELIEF

WHEREFORE, the Brady Center to Prevent Gun Violence respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

    a. Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's Request;

    b. Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

    c. Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's Request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

    d. Enjoin Defendants from withholding the requested records;

    e. Award Plaintiff its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    f. Grant Plaintiff such other and further relief as the Court may deem just and proper.

November 15, 2018               Respectfully submitted,


                                */s/ Kevin T. Barnett*
                                Kevin T. Barnett (D.C. Bar No. 1003410)
                                Alan Pemberton (D.C. Bar No. 367108)
                                Nooree Lee (D.C. Bar No. 1001687)
                                Covington & Burling LLP
                                One CityCenter
                                850 Tenth Street NW
                                Washington, DC 20001
                                (202) 662-5430
                                kbarnett@cov.com

                                Jonathan E. Lowy (D.C. Bar No. 418654)
                                Joshua Scharff (D.C. Bar No. 999392)
                                Brady Center to Prevent Gun Violence
                                840 First Street NE Suite 400
                                Washington, DC 20002
                                (202) 370-8105
                                jscharff@bradymail.org

                                ATTORNEYS FOR PLAINTIFF